PEOPLE, PLAINTIFF AND APPELLEE, *v.* CORDERO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for the Violation of Section 553 of the Penal Code.

No. 1321.—Decided April 28, 1919.

INFORMATION—COMPLAINT—PLEADING.—According to its own terms, section 72 of the Code of Criminal Procedure was intended to apply to informations, which are drawn up by the prosecuting attorneys, and not to complaints, which in most cases are made by laymen and are judged less strictly as to form. Nevertheless, to be valid a complaint must state sufficient facts to inform the defendant of the charge made against him, and such charge must constitute an offense defined and punishable by the law.

ID.—ID.—ID.—INTENT.—In view of the wording of section 553 of the Penal Code, an act in violation thereof need not be committed maliciously or with criminal intent. It is enough that it be done wilfully, and a complaint so alleging is sufficient.

ID.—ID.—ID.—When the defendant is not charged with keeping his establishment open during prohibited hours, but with allowing his employees to work after the statutory closing hour, it is not necessary to state in the complaint whether or not the establishment was closed when the offense was committed.

The facts are stated in the opinion.

*Mr. José Ramón Freyre* for the appellant.

*Mr. S. Mestre, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Policeman Fermín Betances filed a complaint against Pedro Cordero, alleging that "on Friday, May 17, 1918, the said Pedro Cordero, who is the owner of a shoemaker's shop situated on the corner of Peral and Sol Streets, Mayagüez, of the municipal judicial district of Mayagüez, P. R., wilfully had working at 9 P. M. his employees Carlos Fernández, chief cutter, and Manuel Abrahante, Esperanza Abrahante, Robustiano Constantino and Gregorio Fradera, hands, thus violating section 553 of the Penal Code as amended by Act No. 26 of November 23, 1917."

On appeal the district court sentenced Pedro Cordero to pay a fine of twenty dollars, or to one day's imprisonment for each dollar not paid.

Cordero appealed to this court, alleging that the complaint was not in conformity with the provisions of section 72 of the Code of Criminal Procedure and that it did not state facts sufficient to justify the conclusion that the defendant committed a public offense.

The wording of said section 72 shows that it was intended to apply to informations, which are drawn up by the prosecuting attorneys, and not to complaints, which in most cases are made by laymen and are judged less strictly as to form. Nevertheless, in order to be valid a complaint must state sufficient facts to inform the defendant of the charge made against him, and such charge must constitute an offense de-

fined and penalized by the law. Let us see whether such is the case here. The appellant maintains that the complaint does not state sufficient facts because it states only that the defendant "wilfully" committed the act charged and omits the words "unlawfully," "with criminal intent" and "maliciously," which, in his opinion, are necessary in order that the act may be considered a violation of the law.

Section 553 of the Penal Code, as amended by Act No. 26 of November 23, 1917, does not contain the words to which the appellant refers. Therefore the use of the word "wilfully" is sufficient, for, according to section 559 of the Penal Code, "the word 'wilfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to," and this is all that the legislator requires. It is unnecessary that there should have been a malicious intention in this case. A wilful violation of the law is sufficient to constitute the offense which the law penalizes.

The appellant further maintains that the facts alleged in the complaint do not constitute an offense, because the violation of the law consists in having the shop open, which fact is not alleged. Said section 553 provides that " * * * from 6 p. m. every working day, * * * commercial and industrial establishments shall remain closed to the public and suspend all work for employees one hour after closing, except * * *." As will be seen, two different violations of the law may be committed; one consisting in having the establishment open during the time when the law orders that it shall remain closed, and another in permitting the employees to work more than one hour after closing the establishment. The second violation is the one with which the appellant is charged; therefore, it cannot be held that the complaint is insufficient because it does not allege that the establishment was open.

The appellant alleges as a second error that at the trial it was not duly proved that Pedro Cordero was the owner

of the establishment, or that he had there employed for his benefit the persons mentioned in the complaint, or that they were such "employees" as the law contemplates.

From the evidence for the prosecution it appears that Cordero was the person responsible for the violation of the law. For example, witness Estrada testified, without objection on the part of the defendant, that "on May 17, at eight-thirty or nine, P. M., I and policeman Betances were in the shoemaking establishment of Pedro Cordero and I saw several persons working there * * *." If anything were lacking it was afterwards supplied by the defendant himself in offering in evidence a contract dated May 13, 1905, whereby a limited mercantile partnership was formed under the name of P. Cordero & Co., J. Martínez Hernández being the silent partner and Pedro Cordero, the defendant, being the manager.

It may also be deduced from the evidence that the hands who were working on the night to which the complaint refers were the regular employees of the establishment, and in the absence of evidence to the contrary it must be presumed that they were working with the permission of the owner. It may be well to say that the evidence of the defendant tended to show that although the hands were in the establishment they were not working, but reading.

As to whether the said hands could be considered as employees, we will cite Bouvier's Law Dictionary, vol. 1, p. 672, which, in defining the word "employee," says that "it is not usually applied to higher officers of corporations or to domestic servants, but to clerks, workmen, and laborers, collectively." In view of all the foregoing, the appeal must be dismissed and the judgment

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.